LEWIS F. BRYANT, FACTORY, &c., INSPECTOR, v. HERBERT P. GLEASON.

LEWIS F. BRYANT, FACTORY, &c., INSPECTOR, v. ANTON F. DISTERLE.

Submitted March 23, 1905—Decided June 12, 1905.

In an action brought in a District Court to recover a penalty incurred for the violation of a statute, the state of demand must show by explicit reference what statute has been violated.

On appeal from District Court.

Before Justices DIXON, GARRISON and SWAYZE.

For the appellant, *Guild, Lum & Tamblyn.*

For the appellee, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

GARRISON, J. In each of these cases the agreed state of the case for appeal shows that the state of demand filed with the clerk of the District Court demanded of the defendant the sum of $50 for violation of section 1 of an act of the legislature

approved April 18th, 1903, the title of which was set forth at length.  The state of the case further shows that on the return day of the summons the attorney for the defendant moved for the dismissal of the suit upon the ground that by the act of March 5th, 1883, to which the act set forth by title in the state of demand was a supplement, the District Court was without jurisdiction, and that thereupon "the court ruled that the state of demand and summons should be amended by striking out all reference to any statute, * * * and that in default of amendment a motion to nonsuit would be granted.  The amendment was thereupon made. * * * On the evidence being closed, judgment was entered (in each case) in favor of the plaintiff for $50 and costs."

After amendment the state of demand did not in anywise show under what statute the penalty was claimed.  Such an averment by explicit reference was essential.  *Crawford* v. *New Jersey Railroad Co., 4 Dutcher* 479.

The judgment of the District Court in each of these cases is reversed.